UNITED STATES of America, Plaintiff–Appellee,

v.

Danny Thomas HAMBY, Defendant–Appellant.

No. 95–1539.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1995.

Decided July 11, 1995.

Don Little, Dayton, OH, argued, for appellant.

Patrick Harris, Asst. U.S. Atty., argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Danny Thomas Hamby appeals the district court's[1] denial of his motion to suppress approximately 158 pounds of marijuana seized following a traffic stop. After his indictment, Hamby entered a plea of guilty conditioned upon the right to appeal the outcome of the motion to suppress. He received a sentence of 34 months of imprisonment, followed by three years of supervised release, and a $50.00 special assessment. On appeal, Hamby challenges the validity of the traffic stop, which he claims was pretextual, and the constitutional adequacy of his suppression hearing. We affirm.

## I.

Corporal Richard Powell of the Pulaski County Sheriff's Department testified at the suppression hearing to the facts that follow concerning Hamby's arrest.

On May 13, 1994, Powell noticed a blue Chevrolet automobile driven by Hamby make a sudden right turn in front of a tractor-trailer rig without signaling, causing the truck to brake in order to avoid a collision. Powell caught up with the Chevrolet, turned on the video camera in his patrol car, and made a traffic stop. When Powell approached the Chevrolet, he detected the odor of marijuana. Hamby and his passenger, moreover, offered conflicting accounts as to the purpose of their trip. His suspicions aroused, Powell walked his dog around the Chevrolet, and the dog alerted to the smell of marijuana. Hamby allowed Powell to search the vehicle, and Powell discovered a large quantity of marijuana as well as cinnamon-scented whisk brooms, which he believed were intended to mask the odor of marijuana. Hamby and his passenger were arrested, the marijuana seized, and the car impounded by the sheriff's department.

At the suppression hearing, the government offered into evidence the portion of the videotape showing the interaction between Powell and Hamby during the traffic stop. Powell then testified that the remainder of the videotape showed only the towing away of the Chevrolet and unloading of the marijuana. After the district judge instructed the government to play the remainder of the tape for the benefit of defense counsel, who had not seen the tape in its entirety, he left the bench for a period of eight minutes. The defense made no objection to the judge absenting himself either before he left or after he returned. The district court subsequently denied Hamby's motion to suppress.

## II.

■ Hamby first claims that the traffic stop was a mere pretext for a drug investiga-

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas. After his decision and prior to the submission of this appeal, Judge Woods took senior status.

tion and therefore violated the Fourth Amendment prohibition against unreasonable search and seizure. We review the district court's determination that the stop was not pretextual for clear error. *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir.1994) (en banc).

"It is well established that a traffic violation—however minor—creates probable cause to stop the driver of a vehicle." *United States v. Barahona*, 990 F.2d 412, 416 (8th Cir.1993), *citing United States v. Cummins*, 920 F.2d 498, 500 (8th Cir.1990), *cert. denied*, 502 U.S. 962, 112 S.Ct. 428, 116 L.Ed.2d 448, 449 (1991). The legitimacy of a traffic stop, moreover, is not dependent upon the subjective intent of the officer involved. *Cummins*, 920 F.2d at 501. "If the officer is legally authorized to stop the driver, any additional 'underlying intent or motivation' does not invalidate the stop." *Bloomfield*, 40 F.3d at 915, *quoting Cummins*, 920 F.2d at 501. Powell testified that he observed Hamby turn right quickly without signaling and cut off an eighteen-wheeler. As this is adequate grounds for a traffic stop, *see Bloomfield*, 40 F.3d at 915, Powell's additional testimony that he was on drug interdiction duty is not relevant. We do not find the credence which the district court implicitly ascribed to Powell's testimony to be clearly erroneous. Therefore, the district court could not have been required to suppress the evidence as tainted. *See Wong Sun v. United States*, 371 U.S. 471, 487–88, 83 S.Ct. 407, 417–18, 9 L.Ed.2d 441 (1963).

## III.

Hamby next claims that the district judge denied him due process of law by leaving the bench for eight minutes during the suppression hearing. The judge's departure was preceded by the following exchange:

THE COURT: You mean the rest of the tape shows the car being impounded and carried in?

CORPORAL POWELL: That's correct.

ASSISTANT U.S. ATTORNEY: Yes, Your Honor.

THE COURT: Do you want that shown? If you want it shown, we can

show it. I don't see what relevance it has to the stop.

DEFENSE ATTORNEY: I would be inclined to agree with you, Your Honor, without having seen it. But I am somewhat leery because we haven't seen it.

THE COURT: Well, let's show it. Come on and let's show it. I am going to be in my chambers making a couple of phone calls. If there is anything you want to object to and make a record on, you can do so.

Although the district judge did not expressly declare that the court was in recess when he left the bench, we interpret his brief departure as nothing more than an informal recess to allow defense counsel time to examine evidence that he had not previously seen. We believe, moreover, that the trial judge's invitation to make objections and to make a record was actually an invitation to defense counsel to introduce any part of the last portion of the tape into evidence, and to make argument based on it if he wished to, after the judge returned. The government did not offer the last portion of the tape into evidence, so we do not think that this portion was being played as evidence in the absence of the judge. Hamby does not assert that he was not afforded an opportunity to introduce any part of the tape after the judge's return. There was therefore no denial of Hamby's right to due process.

We note, moreover, that Hamby still makes no argument based on the last portion of the tape, except that it demonstrates, perhaps, that Powell was on drug interdiction duty, a matter the relevance of which we have already rejected. Finally, in the interests of justice, we have viewed the tape and conclude that there were in fact no significant events depicted on the final portion of it, just as Corporal Powell testified.

## IV.

For the foregoing reasons, we affirm the district court's denial of the motion to suppress.