# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1050

_____

United States of America,        *
                                    *

        Appellee,          *   Appeal from the United States
                                    *   District Court for the Northern
    v.                   *   District of Iowa.
                                    *

Alfonso Roberto           *
Hernandez Esparza,       *   [UNPUBLISHED]
                                    *

        Appellant.       *

_____

Submitted:  November 18, 2004
Filed:  January 25, 2005

_____

Before SMITH, BEAM, and BENTON Circuit Judges.

_____

PER CURIAM.

The district court[1] denied Alfonso Roberto Hernandez Esparza's motion to suppress evidence.  He then entered a conditional plea of guilty to a violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A).  He now appeals the denial of the motion to suppress.  Jurisdiction being proper under 28 U.S.C. § 1291, we affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, adopting the report and recommendations of the Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

At 8:52 p.m. on January 13, 2003, trooper Chad Page stopped a 2002 Honda Accord for speeding on Interstate 80 in Iowa. Page observed Mexican license plates and that the driver, Esparza, and a passenger were bundled up in heavy blankets, coats, and gloves. One cut lime was visible on the rear floorboard.

Page asked Esparza for his license and registration. Esparza provided Mexican documents written in Spanish, indicating neither he nor the passenger owned the car. Page attempted to converse with Esparza but was unable to obtain enough information to write the speeding ticket, as Esparza spoke only broken-English and Page did not speak Spanish. At 8:54 p.m., Page called Sergeant Jose Varela, a Spanish-speaking trooper, who was about 25 miles away and arrived at 9:19 p.m.

Esparza explained to Varela that he was traveling from Chihuahua, Mexico, to Chicago, as part of his clothing importation business. The license plate indicated the car was registered in Jalisco, not Chihuahua. Esparza stated he recently purchased the car from the person listed on the registration but had not finished paying for it. Esparza was carrying $1300 in cash as part of his business.

Esparza twice volunteered to have his car searched, then consented to a search of his car at 9:28 p.m. Varela observed 3 more limes on the floorboard, screwdriver scratches under the dashboard, and noticed that the louvars on the heating and air conditioning vent did not work. Based on inconsistent registration and license plates, and the troopers' observations, Page requested the search continue at Patrol headquarters three miles away. Esparza consented, driving the car and arriving at the headquarters at 9:45 p.m. At about 10:00 p.m., a canine "alerted" to the car. Twenty kilograms of cocaine were discovered in the ventilation system.

On appeal, Esparza contends the district court should have sustained his motion to suppress because the troopers detained him longer than necessary, without reasonable suspicion. A district court's denial of a motion to suppress is affirmed

unless it is "unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, the court is left with a firm and definite conviction that a mistake has been made." *United States v. Ramos-Caraballo,* 375 F.3d 797, 800 (8th Cir. 2004). This court reviews the district court's conclusions of law de novo, and its findings of fact for clear error. *Id.*

A traffic violation, however minor, creates probable cause to stop the driver of a vehicle. *Id.* at 801 (quoting *United States v. Hamby*, 59 F.3d 99, 101 (8th Cir. 1995)). There is no dispute as to the validity of the initial stop; Esparza was speeding. Esparza also does not contest the reasonableness of waiting for Varela. He contends that because Page verified his identity by a valid passport, and learned there was no warrant for his arrest, the troopers had no reason to continue questioning him after writing the speeding citation at 9:22 p.m.

The issue is whether detaining Esparza, until 9:28 p.m. when he consented to the search, was permissible under the Fourth Amendment. *See United States v. Allegree*, 175 F.3d 648 (8th Cir. 1999). An officer may, after stopping a vehicle, investigate "by asking the driver his destination and purpose, checking the license and registration, or requesting the driver to step over to the patrol car." *United States v. Linkous*, 285 F.3d 716, 719 (8th Cir. 2002) (citing *United States v. Poulack*, 236 F.3d 932, 935 (8th Cir.), *cert. denied*, 534 U.S. 864 (2001)). If an officer has reasonable suspicion following a legitimate traffic stop, "the officer is entitled to expand the scope of the stop to ask questions unrelated to the original traffic offense, and consent given in the course of such questioning is valid so long as it is voluntary." *Allegree*, 175 F.3d at 650 (citing *United States v. Pereira-Munoz*, 59 F.3d 788, 791 (8th Cir. 1994)). While such expanded questioning has no rigid time limit, the investigation must not last longer than necessary to effectuate the purpose of the expanded questioning. *United States v. Sharpe*, 470 U.S. 675, 685 (1985). Necessity depends on the totality of the circumstances in light of the officers' experience. *Linkous*, 285 F.3d at 720.

The initial investigation by the troopers was reasonable as part of the traffic stop. Moreover, this initial investigation reasonably aroused the troopers' suspicion. They saw a lime on the floor and the occupants bundled up. The troopers knew that citrus fruits are commonly used to mask the smell of narcotics, and that heating vents generally work in new cars. The troopers also knew that it was difficult to transport across the border a car not registered to any of the occupants. Finally, Esparza's statement that he was from Chihuahua conflicted with the license plate showing Jalisco. As *Allegree* and *Linkous* instruct, the troopers' reasonable suspicion authorized an expansion of the scope of the stop.

Because officers are allowed to investigate reasonable suspicion, Esparza's detention, until he consented to the search, was not unreasonable. *See United States v. Long* 320 F.3d 795, 799 (8th Cir. 2003). Within nine minutes of Varela's arrival, Esparza twice volunteered to consent to a search of his car; he formally consented only six minutes after receiving the speeding citation. There was no undue delay.

The district court's order is supported by substantial evidence. The judgment is affirmed.

_____